UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL POPE, | No. 2:24-cv-0325 AC P |
| Plaintiff, | |
| v. | ORDER |
| L. KISS, et al., | |
| Defendants. | |

Plaintiff is a county inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

I. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

1  claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v.
2  Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on
3  an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S.
4  at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an
5  arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

6  In order to avoid dismissal for failure to state a claim a complaint must contain more than
7  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
8  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
9  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the
11 court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial
12 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
13 inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When
14 considering whether a complaint states a claim, the court must accept the allegations as true,
15 Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most
16 favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

17  II.   Factual Allegations of the Complaint

18  The complaint alleges that defendant Kiss and an unspecified number of Doe defendants
19 violated plaintiff's rights under the First and Fourteenth Amendments.[2]  ECF No. 1.

20  Specifically, plaintiff alleges that on October 14, 2023, at the Modesto County Jail Safety
21 Center, deputies slammed him to the ground, strangled him until he passed out, kicked him in the
22 face, and cut off his clothes, causing various lacerations in the process.  Id. at 3-5, 7.  Plaintiff

---

[2] Although plaintiff does not specify whether he was a pretrial detainee or a convicted prisoner at the time of the alleged violations, for purposes of screening the court will assume that he was a pretrial detainee and that his claims therefore arise under the Fourteenth Amendment.  See Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020) ("[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*, while the Eighth Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted prisoners*.'" (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004))).  Any amended complaint should specify whether plaintiff was housed at the jail as a pretrial detainee or was serving a criminal sentence.

further alleges that he was told "he would get something stuck inside him," amounting to a sexual assault, and during the altercation, defendants used a racial slur and disparaged him because of his race. Id. at 4, 7-8. Finally, plaintiff claims he was retaliated against by being "handcuffed to the table for hours;" was denied yard time, visits, commissary, and phone privileges for fifteen days; and had his legal mail opened. Id. at 5.

### III.   Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint fails to state valid claims for relief pursuant to the First and Fourteenth Amendments.

The complaint names defendants Kiss and "others unknown," construed here as Doe defendants, but fails to specify which defendants took which actions that are alleged to have violated plaintiff's rights. No specific conduct is attributed to Kiss, the only named defendant. Plaintiff fails to allege any conduct by specific Doe defendants, instead making only references to "deputies" generally.[3] The complaint presents factual allegations regarding the use of force and racial animus that demonstrate violations of plaintiff's constitutional rights, but no claim for relief is stated because the complaint does not link specific conduct to any particular defendant(s).

Additionally, plaintiff has failed to allege facts showing that he was sexually assaulted. The comment by deputies that they "should stick something in you," while certainly inappropriate and unprofessional was verbal abuse at most, which generally does not rise to the level of a constitutional violation unless it is repetitive or so egregious that it shocks the conscience. Plaintiff also fails to sufficiently allege that any actions taken against him were retaliatory because he does not allege that any defendant's actions against him were motivated by plaintiff's protected conduct, such as filing grievances or lawsuits. The complaint therefore fails to state a claim of retaliation.

Finally, while plaintiff's claim that his legal mail is being opened indicates a potential violation of his rights, plaintiff does not identify the contents of the mail that has been opened

---

[3] Even if plaintiff does not know the names of the particular deputies involved, he can list the defendants as Doe 1, Doe 2, etc., and ascribe specific acts to each Doe defendant.

such that the court can determine it would qualify as legal mail entitled to protection under the constitution, nor does he identify any specific defendant who opened such mail.

Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, plaintiff is provided with the relevant legal standards governing his potential claims for relief which are attached to this order. See Attachment A.

IV.     Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.     Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: February 4, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I.   Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II.   Legal Standards Governing Substantive Claims for Relief

A.   Personal Involvement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)

(citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### B. Doe Defendants

Although the use of Doe defendants is acceptable to withstand dismissal at the initial screening stage, service of process for these defendants will not be ordered until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2) filed a motion to amend the complaint to substitute their real names. See Mosier v. Cal. Dep't of Corr. & Rehab., 2012 WL 2577524, at *3, 2012 U.S. Dist. LEXIS 92286, at * 8-9 (E.D. Cal. July 2, 2012); Robinett v. Corr. Training Facility, 2010 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at * 12-13 (N.D. Cal. July 20, 2010). Allegations against Doe defendants should identify each Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each individual did to violate plaintiff's rights.

### C. Fourteenth Amendment Excessive Force

Under the Fourteenth Amendment, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015). "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case'" and must be determined "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. at 397 (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

Id. at 397.

### D. Sexual Harassment

"[P]risoners have a right to be free from sexual abuse." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (citation omitted). Unwanted sexual contact or harassment by a public

official that occurs outside the context of an arrest is "analyzed under the substantive due process right to be free from violations of bodily integrity under the Fourteenth Amendment," Fontana v. Haskin, 262 F.3d 871, 881 n.6 (9th Cir. 2001), and verbal sexual harassment under certain circumstances may violate a pretrial detainee's Fourteenth Amendment rights, see Vasquez v. County of Kern, 949 F.3d 1153, 1163-65 & n.10 (9th Cir. 2020) (noting that sexual harassment includes "[r]epeated verbal comments . . . of a sexual nature . . . including obscene language" (quoting 28 C.F.R. § 115.6)). "The threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Id. at 1162 (citation and quotation marks omitted).

### E. Racial Discrimination/Equal Protection

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).

### F. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citations omitted).

### G. Interference with Legal Mail

Under the First Amendment, prisoners have a right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Moreover, "prisoners have a protected First

Amendment interest in having properly marked legal mail opened only in their presence," though the same protection does not apply to non-legal mail. Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). Legal mail entitled to First Amendment protection is narrowly defined as confidential correspondence between a prisoner and his attorney. See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) ("Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail."). In criminal cases, such correspondence is also protected by the Sixth Amendment. Mangiaracina v. Penzone, 849 F.3d 1191, 1196 (9th Cir. 2017).